IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| LASHAWN S. RUSHING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 316-006 |
| | ) | (Formerly CR 313-007) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Petitioner, an inmate at Yazoo City Low Federal Correctional Institution in in Yazoo City, Mississippi, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED** without an evidentiary hearing, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

## I.      BACKGROUND

### A.      Indictment

On August 7, 2013, a grand jury in the Southern District of Georgia charged Petitioner with one count of conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846, and two counts of possession with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and (b)(1)(D). United States v. Rushing, CR 313-007, doc. no. 1 (S.D. Ga. Aug. 7, 2013) ("CR 313-007"). The Court appointed attorney Michael J. Classens to represent him. (Id.,

doc. nos. 20, 26.)

**B.    Agreement to Plead Guilty**

On December 17, 2013, Petitioner pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute controlled substances, and the government agreed to dismiss the remaining counts.  (Id., doc. nos. 48, 49.)   The plea agreement contained a factual basis for the plea which stated as follows:

> Sometime prior to July 2012 . . . the defendant . . . did knowingly and intentionally combine, conspire, confederate and agree with other known and unknown persons to . . . distribute and to possess with intent to distribute quantities of cocaine base and cocaine hydrochloride, Schedule II controlled substances, and quantities of marijuana, a Schedule I controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), (b)(1)(C), and (b)(1)(D); all done in violation of Title 18, United States Code, Section 2 and Title 21, United States Code, Section 846 . . . . (Id., doc. no. 49, p. 8.)

The plea agreement also contained a waiver of appeal and waiver of collateral attack:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court.  The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

(Id. at 4-5.)

Petitioner attested he understood if the relevant conduct, guideline sentencing range, or sentence imposed by the court was greater than his expectations, he would have no right to

withdraw his guilty plea.  (<u>Id.</u> at 9.)  Petitioner represented he was satisfied with the services of his attorney, met with his attorney on a sufficient number of occasions to discuss his case and receive advice, and that he was entering the plea agreement as a matter of his free and voluntary choice, and not as a result of pressure or intimidation.  (<u>Id.</u> at 11.)  Petitioner further represented he read and understood the terms of the plea agreement.  (<u>Id.</u> at 13.)

### C.      Change of Plea Hearing

During the change of plea hearing, the Honorable Dudley H. Bowen Jr., established Petitioner's competence to enter a guilty plea if he desired.   (<u>Id.</u>, doc. no. 102, p. 8.) Petitioner testified under oath he had adequate time to discuss his case with his attorney and was entirely satisfied with the services rendered by Mr. Classens.  (<u>Id.</u> at 9-10.)  Next, Judge Bowen read each count of the indictment and asked if Petitioner understood the charges and the maximum penalties, which included up to twenty years imprisonment.  (<u>Id.</u> at 15, 22.) Petitioner confirmed he understood.  (<u>Id.</u> at 15, 22.)  Judge Bowen also explained the rights Petitioner would be waiving by pleading guilty, and Petitioner affirmed he clearly understood those rights.  (<u>Id.</u> at 22-25.)

Among the rights explained, Judge Bowen reviewed the right to trial by jury, the presumption of innocence, the government's burden to prove guilt beyond a reasonable doubt, the right to present and cross-examine witnesses, and the right to remain silent.  (<u>Id.</u>) Petitioner affirmed no one had forced, threatened, or pressured him to plead guilty, nor had anyone guaranteed, predicted, or prophesied Petitioner would receive a specific sentence. (<u>Id.</u> at 25, 38-39.)

In addition, Judge Bowen reviewed Petitioner's plea agreement and ensured Petitioner understood it.  (<u>Id.</u> at 26.)  In addition, Judge Bowen reviewed the waiver

provision in Petitioner's plea agreement, informing Petitioner he had "agreed to waive any right to appeal," and Petitioner was "forever giving up any right to challenge or contest the fact of conviction, that is, guilt or innocence." (Id.)  However, Judge Bowen explained Petitioner could appeal if Petitioner was sentenced above the guideline range or above the statutory range. (Id. at 26-27.)  Petitioner confirmed he understood all the terms of his plea agreement. (Id. at 27.)

Judge Bowen heard the factual basis for Petitioner's guilty plea from Special Agent James Jaskolka with the Drug Enforcement Agency. (Id. at 29.)  SA Jaskolka testified that in July 2012, confidential informants were used to arrange the purchase of powder cocaine, crack cocaine, oxycodone, and marijuana from Petitioner and three co-defendants. (Id. at 30-31.)  SA Jaskolka testified as a result of their investigation, law enforcement seized cocaine, crack cocaine, and marijuana. (Id. at 32.)  SA Jaskolka further testified agents interviewed Petitioner, and Petitioner provided information that helped agents determine the amount of crack cocaine Petitioner and his co-defendants sold. (Id. at 33.)

When Judge Bowen asked Petitioner if he disagreed with SA Jaskolka's testimony, Petitioner stated he only disagreed with SA Jaskolka's statement that he provided agents with information on the amount of crack cocaine sold. (Id. at 36.)  Petitioner denied providing agents with any information or assistance. (Id. at 36-37.)  Judge Bowen then summarized the proceedings as follows:

> In that each of these Defendants has acknowledged his guilt, we have discussed it in great detail; each of these Defendants is aware of their rights at trial, knows the maximum penalty, and with full knowledge of the consequences, of their own volition has elected to plead guilty with advice of Counsel.  And certainly there is a sound factual basis for the guilty plea.  I will accept the plea in writing. (Id. at 41.)

4

### D.      Presentence Investigation Report

Upon entry of the guilty plea, the United States Probation Office prepared a
Presentence Investigation Report ("PSI").  The PSI set Petitioner's base offense level at
thirty-six, pursuant to U.S.S.G. § 2D1.1 because Petitioner's offense involved at least 10,000
kilograms but not more than 30,000 kilograms of marijuana.  (PSI ¶ 34.)  Regardless,
Petitioner was designated a career offender under § 4B1.1(b) because Petitioner was at least
eighteen years of age at the time of the offense, the offense was a felony, and Petitioner had
at least two prior felony convictions for controlled substance offenses.  (PSI ¶ 40.)

The PSI detailed Petitioner's two prior controlled substance offenses which included
the sale of cocaine and possession of marijuana with intent to distribute.  (PSI ¶¶ 45, 50.)
Under U.S.S.G. § 4B1.1, the offense level for a career offender is thirty-two, however, §
4B1.1 directs that the offense level is the greater of the offense levels determined between
the drug offense and level for a career offender.  Because Petitioner's offense level for his
underlying drug offense was higher than the career offender level, Petitioner's total offense
level was set at thirty-six.  (PSI ¶ 40.)  Based on the offense level of thirty-six, and criminal
history category of VI, his guideline imprisonment range was set at 324 to 405 months.  (PSI
¶ 84.)  However, Petitioner's maximum sentence of twenty years lowered his guideline
imprisonment range to 240 months.  (Id.)

### E.      Sentencing

At sentencing on July 22, 2014, Petitioner's counsel made an oral motion to withdraw
Petitioner's guilty plea.  (CR 313-007, doc. no. 103, p. 8.)  The government opposed the
motion, noting Petitioner's guilty plea was entered in December of 2013, and sentencing was
in July 2014.  (Id. at 8-9.)  In denying the motion, Judge Bowen found that allowing

Petitioner to withdraw his motion would be "significant and considerable prejudice . . . and wasteful of the Court's resources." (<u>Id.</u> at 9.) At the same time, Petitioner authorized his counsel to withdraw the motion and to proceed with sentencing. (<u>Id.</u>)

Petitioner also objected to the quantity of drugs attributed to him in the PSI, and the relevant conduct associated with his cocaine base distribution. (CR 313-007, doc. no. 103, pp. 10-23, 26-52, 56-78, 83-85, 89-91, 94, 97-108, 129-143, 147-151, 162-63.) Petitioner called Agent Ben Coney, with the Oconee Drug Task Force, as a defense witness. Agent Coney testified that prior to Petitioner's arrest, Agent Coney discussed Petitioner's potential cooperation in various drug cases. (<u>Id.</u> at 31.) On May 28, 2013, Agent Coney interviewed Petitioner who was detained at a local jail on a child support warrant. Petitioner initiated the conversation, and Agent Coney did not read Petitioner his <u>Miranda</u> warnings. (<u>Id.</u> at 50.) Petitioner cooperated with Agent Coney and provided names and information surrounding various other drug cases.

After hearing from the parties, Judge Bowen determined Petitioner was entitled to a three-level reduction in offense level, lowered Petitioner's total offense level to thirty-three, and set Petitioner's advisory guideline range between 235 to 240 months. (<u>Id.</u> at 155.) Judge Bowen reminded Petitioner he "waived any right to appeal from the sentence and the right to attack any conviction in any post-conviction proceeding." (<u>Id.</u> at 168.) Judge Bowen adopted the remaining factual statements in the PSI, and sentenced Petitioner to 240 months incarceration, five years supervised release, a $5000.00 fine, and a $100.00 special assessment. (<u>Id.</u>, doc. no. 78.)

**F.    Appeal**

On August 5, 2014, Petitioner filed a notice of appeal with the United States Court of

Appeals for the Eleventh Circuit.  (<u>Id.</u>, doc. nos. 88, 92, 121.)  On appeal, Petitioner argued

his sentence was unlawfully enhanced using custodial statements obtained in violation of

<u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), and <u>Jackson v. Denno</u>, 378 U.S. 368 (1964).  (<u>Id.</u>,

doc. no. 121, p. 4.)  Petitioner also argued the appeal waiver was not enforceable because he

did not understand the full significance of the appeal waiver.  (<u>Id.</u>)  The Eleventh Circuit

granted the government's motion to dismiss the appeal pursuant to the appeal waiver

provision in Petitioner's plea agreement.  (<u>Id.</u> at 5-8.)  In dismissing Petitioner's appeal, the

Eleventh Circuit found Petitioner was advised of his appeal rights at his Rule 11 colloquy,

and that he otherwise understood the full significance of the waiver.  (<u>Id.</u> at 6.)

### G.   § 2255 Proceedings

Petitioner timely filed his motion under 28 U.S.C. § 2255, raising four grounds for

relief:

> I.    Counsel was ineffective for failing to explain the waiver
>       provisions of the plea agreement and forfeiture of rights,
>       resulting in an unknowing and involuntary plea;
>
> II.   Counsel was ineffective for failing to pursue withdrawal
>       of the guilty plea at sentencing;
>
> III.  Counsel was ineffective for failing to contest the Career
>       Offender application under <u>Johnson v. United States</u>, 135
>       S. Ct. 2551 (2015);
>
> IV.   The District Court violated Fed. R. Crim. P. 32 by
>       impermissibly participating in questioning of witnesses
>       at sentencing.

(<u>Id.</u>, doc. no. 144, p. 17.)  Respondent asserts Petitioner was not denied effective assistance

of counsel, Petitioner's guilty plea was knowing and voluntary, and Petitioner's claims are

barred by the collateral attack waiver, procedurally defaulted, or meritless.  (<u>Id.</u>, doc. no.

153.)

## II.    DISCUSSION

### A.    There is No Need For an Evidentiary Hearing.

Section 2255 does not require that the Court hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citation omitted).

While ineffective assistance of counsel claims often require a hearing for development of an adequate record, an evidentiary hearing is not required every time such a claim is raised. Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984). Because Petitioner's claims are barred from review, lack merit as a matter of law, or are otherwise affirmatively contradicted by the record, no evidentiary hearing is necessary.

### B.    Under Strickland v. Washington, Petitioner Bears a Heavy Burden on an Ineffective Assistance of Counsel Claim.

Ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). See Massaro v. United States, 538 U.S. 500, 505 (2003). Petitioner must show that counsel was constitutionally ineffective under the two prongs of Strickland by proving defense counsel's performance was deficient and prejudicial. Under the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. In this regard, "[a] petitioner must overcome a strong presumption of competence, and the court must give

8

significant deference to the attorney's decisions."  Hagins v. United States, 267 F.3d 1202,

1204-05 (11th Cir. 2001).  Strategic decisions are entitled to a "heavy measure of deference."

Strickland, 466 U.S. at 691.  "Given the strong presumption in favor of competence, the

petitioner's burden of persuasion – though the presumption is not insurmountable – is a

heavy one."  Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted).  "The

test has nothing to do with what the best lawyers would have done.  Nor is the test even what

most good lawyers would have done.  We ask only whether some reasonable lawyer . . .

could have acted, in the circumstances, as defense counsel acted . . . ."  Waters v. Thomas, 46

F.3d 1506, 1512 (11th Cir. 1995) (*en banc*).

A court, however, "need not determine whether counsel's performance was deficient

before examining the prejudice suffered by the defendant as a result of the alleged

deficiencies . . . .  If it is easier to dispose of an ineffectiveness claim on the ground of lack of

sufficient prejudice, which we expect will often be so, that course should be followed."

Strickland, 466 U.S. at 697; see Brooks v. Comm'r, Ala. Dep't of Corr., 719 F.3d 1292, 1301

(11th Cir. 2013).  Under the prejudice prong of Strickland, a petitioner must show "that there

'is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different.  A reasonable probability is a probability sufficient to

undermine confidence in the outcome.'"  Brooks, 719 F.3d at 1300 (quoting Strickland, 466

U.S. at 694).  As the Eleventh Circuit has ruled, a petitioner must affirmatively prove

prejudice that would undermine the results of the proceedings because "attorney errors come

in an infinite variety and are as likely to be utterly harmless in a particular case as they are to

be prejudicial.  That the errors had some conceivable effect on the outcome of the proceeding

9

is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations and internal quotations omitted).

Moreover, in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Stephens v. Sec'y, Fla. Dep't of Corr., 678 F.3d 1219, 1225 (11th Cir. 2012), cert. denied, 133 S. Ct. 484 (2012). In assessing whether a petitioner has met this standard, the Supreme Court has emphasized the "fundamental interest in the finality of guilty pleas." Hill, 474 U.S. at 58. Therefore, Petitioner must show both that counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that but for counsel's errors, he would have insisted on going to trial. Id. at 56-59.

**C.     Petitioner Is Not Entitled to Relief on His Ground I Ineffective Assistance Claim.**

In Ground I, Petitioner claims counsel was ineffective in plea negotiations for failing to explain the waiver provisions of the plea agreement and forfeiture of rights, rendering his guilty plea unknowing and involuntary. (Doc. no. 1, pp. 17, 20.) Respondent argues Petitioner's allegations of ineffective assistance are conclusory, meritless, and contradicted by Petitioner's statements at his plea colloquy. (Doc. no. 5, pp. 11-13.)

A defendant cannot waive a claim alleging ineffective assistance during plea negotiations. Vaca-Ortiz v. United States, 320 F. Supp. 2d 1362, 1365 (N.D. Ga. 2004); see also Williams v. United States, 396 F.3d 1340, 1341-42 (11th Cir. 2005) ("[T]here may be a distinction between a § 2255 claim of ineffective assistance related to the validity of a plea in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim

10

challenging the validity of the plea or agreement.").  This is because ineffective assistance of counsel in entering the plea "would require a finding that the plea was not entered knowingly and voluntarily, which would in turn mean that a court could not enforce a waiver contained within that plea agreement."  Vaca-Ortiz, 320 F. Supp.2d at 1365 (citing Bushert, 997 F.2d at 1350-51).  To succeed on a claim that a guilty plea was obtained as the result of ineffective assistance of counsel, a petitioner must show that the advice he received from counsel was deficient and there was a reasonable probability that, but for counsel's deficient representation, he would not have pleaded guilty and would have insisted on going to trial.  Stephens v. Sec'y, Fla. Dep't of Corr., 678 F.3d 1219, 1225 (11th Cir. 2012).

Here, Petitioner fails to satisfy either prong of Strickland.  Petitioner's conclusory statements are entirely belied by the plea agreement and his statements at his change of plea hearing.  Furthermore, even if Petitioner had pled sufficient facts to demonstrate counsel did not inform him of the waivers or the rights he would forfeit, he cannot demonstrate prejudice because the Court ensured Petitioner understood the waiver provisions and the rights he would forfeit at his plea colloquy.

Petitioner's plea agreement contained valid waiver of appeal and waiver of collateral attack provisions.  (CR 313-007, doc. no. 49, pp. 4-5.)  The plea agreement provided Petitioner would be waiving his right to a direct appeal on any ground except for three delineated exceptions: (1) if Petitioner was sentenced above the guideline range, (2) if Petitioner was sentenced above the statutory range, or (3) if the government appealed.  (Id.)  The plea agreement also provided Petitioner would be waiving his right to collaterally attack his conviction and sentence by any method, including a 28 U.S.C. § 2255 motion.  (Id.)  Petitioner signed his plea agreement and provided he "read the foregoing plea agreement,

11

consisting of 12 pages, and I understand what it says and means." (Id. at 13.)  Petitioner also provided he was satisfied with the services of his attorney, met with his attorney a sufficient number of times to discuss his case and receive advice, and that he was entering the plea agreement as a free and voluntary choice.  (Id. at 11.)

Petitioner also swore to Judge Bowen at his plea colloquy that he signed the plea agreement and understood all the provisions of the plea agreement including the waiver provisions.  (Id., doc. no. 102, p. 27.)  Petitioner testified he was satisfied with the help he received from counsel, and understood all the rights he would be waiving by pleading guilty. (Id. at 9-10, 22-25.)  Judge Bowen specifically reviewed the waiver provisions in Petitioner's plea agreement, and Petitioner testified he understood them.  (Id. at 26.)  While Petitioner would have the Court ignore his responses to Judge Bowen's questions, "solemn declarations in open court [at a guilty plea hearing] carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings."  Blackledge v. Allison, 431 U.S. 63, 74 (1997); see also United States v. Stitzer, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986) (noting that "if the Rule 11 plea-taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely").

Indeed, in enforcing the appellate waiver provision, the Eleventh Circuit found Judge Bowen adequately advised Petitioner of the appeal waiver, and that Petitioner otherwise understood the full significance of the appeal waiver.  (Id., doc. no. 121, p. 4.)  In the face of the sworn proceedings memorialized in the record, Petitioner's belated, self-serving claims his counsel failed to explain the waiver provisions of his plea agreement and what rights he would be forfeiting does not satisfy the Strickland standard.  Judge Bowen ensured Petitioner understood the waiver provisions and the rights he would be forfeiting at the plea colloquy.

(Id. at 22-27.)   Moreover, Petitioner never states, let alone shows a reasonable probability that he would have rejected the entirety of the plea agreement and gone to trial on all three counts in the indictment had counsel explained the waiver provisions or rights that he would forfeit.  See Hill, 474 U.S. at 59.  Thus, Petitioner cannot satisfy the Strickland standard and he is not entitled to relief on his Ground I ineffective assistance claim.

### D.       Petitioner's Guilty Plea was Knowingly and Voluntarily Entered.

Having determined Petitioner did not receive constitutionally ineffective assistance of counsel, the Court will lastly address any implication derived from the § 2255 motion that Petitioner's guilty plea was otherwise not knowingly and voluntarily entered.

### 1.       Standard for Enforceability of Guilty Pleas.

Once a guilty plea becomes final, unless the record demonstrates that the sentencing court lacked the power to enter the conviction or impose the sentence, a petitioner may only challenge the knowing, voluntary nature of the plea.  United States v. Broce, 488 U.S. 563, 569 (1989).  In conducting its analysis, the Court starts with the proposition that a trial court may not accept a guilty plea without an affirmative showing on the record that the plea was intelligent and voluntary.  Boykin v. Alabama, 395 U.S. 238, 242-43 (1969).  The Eleventh Circuit has described the requirements for a valid guilty plea as follows:  "The Fourteenth Amendment Due Process Clause requires that a plea of guilty be knowingly and voluntarily entered because it involves a waiver of a number of the defendant's constitutional rights.  A plea of guilty cannot support a judgment of guilt unless it was voluntary in a constitutional sense."  United States v. Brown, 117 F.3d 471, 476 (11th Cir. 1997).  A guilty plea may be involuntary in a constitutional sense if a defendant is coerced into his plea, if a defendant does not understand the nature of the constitutional protections he is waiving, or "if a

defendant has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." <u>Id.</u>  Thus, a defendant must receive "real notice of the true nature of the charged crime." <u>Id.</u>

The Eleventh Circuit has further explained that, for a guilty plea to be made knowingly and voluntarily, the court accepting the guilty plea must "specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." <u>United States v. Moriarty</u>, 429 F.3d 1012, 1019 (11th Cir. 2005) (*per curiam*) (citations omitted).  In addition, "a defendant who seeks reversal of his conviction after a guilty plea . . . . must show a reasonable probability that, but for the error [under Rule 11 of the court accepting the guilty plea], he would not have entered the plea." <u>Id.</u> at 1020 (quoting <u>United States v. Dominguez Benitez</u>, 542 U.S. 74, 83 (2004)).

### 2.   Judge Bowen's Colloquy with Petitioner Satisfied the Three Core Principles Required for Acceptance of a Guilty Plea.

Judge Bowen informed Petitioner in clear terms of the charges to which he was pleading guilty, as well as the penalties that might be imposed in the event of Petitioner's conviction, and Petitioner testified he understood.  (CR 313-007, doc. no. 102, pp. 15, 22.) Petitioner also admitted to the facts presented by the government as the factual basis for the plea and told Judge Bowen he wanted to plead guilty.  (<u>Id.</u> at 36-37, 41.)  Judge Bowen provided a detailed explanation of the rights Petitioner would forfeit by pleading guilty, and Petitioner affirmed he understood his decision to plead guilty would result in a waiver of these rights.  (<u>Id.</u> at 22-25.)  Petitioner testified no one had made him any promises other than those contained in the plea agreement to get him to plead guilty, and his decision to plead

guilty was not the result of force, pressure, threats or promises.  (Id. at 25, 38-39.)  Petitioner also testified he had reviewed his case with counsel and was satisfied with the help he had received from counsel.  (Id. at 9-10.)  Thus, Judge Bowen's thorough plea colloquy ensured Petitioner understood both the nature of the charges and the consequences of his guilty plea, and Petitioner was not coerced into pleading guilty.  See Moriarty, 429 F.3d at 1019. Petitioner has not argued, let alone shown a reasonable probability that but for any alleged error at the Rule 11 proceeding he would not have entered his guilty plea.  See Dominguez Benitez, 542 U.S. at 83.

As such, Petitioner will not now be heard to claim his guilty plea was not knowingly and voluntarily entered.  His assertions are contradicted by the record of the Rule 11 hearing and Petitioner's sworn testimony at that proceeding.

**E.    Petitioner's Valid Collateral Attack Waiver Bars Grounds II, III, and IV.**

Grounds II, III, and IV are precluded by the waiver provision in the plea agreement, in which Petitioner waived his right to collaterally attack his conviction and sentence.  It is well settled a waiver of the right to collaterally attack a sentence and conviction is only enforceable if the waiver is knowing and voluntary.  United States v. Warner-Freeman, 270 F. App'x 754, 757 (11th Cir. 2008); see also United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); Bushert, 997 F.2d at 1345; see also Vaca-Ortiz, 320 F. Supp. 2d at 1365-67 (applying case law concerning waiver of direct appeal to waiver of the right to collateral proceedings).

"To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the

15

significance of the waiver." <u>Weaver</u>, 275 F.3d at 1333.  If the government meets this burden, then an appeal and collateral attack waiver is enforceable.  <u>See</u> <u>United States v. Pease</u>, 240 F.3d 938, 942 (11th Cir. 2001) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); <u>United States v. Howle</u>, 166 F.3d 1166, 1168-69 (11th Cir. 1999); <u>United States v. Benitez-Zapata</u>, 131 F.3d 1444, 1146-47 (11th Cir. 1997).

As detailed *supra*, Respondent has demonstrated the existence of a valid collateral attack waiver.  The plea agreement signed and verified by Petitioner fully set forth that, as a condition of his guilty plea, he was waiving any right to collateral attack of his sentence and conviction or the knowing and voluntary nature of his guilty plea.  (<u>See</u> CR 313-007, doc. no. 49, pp. 4-5 ("the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground . . . .").)  Furthermore, Judge Bowen reviewed Petitioner's plea agreement during the plea colloquy, and specifically referenced the collateral attack waiver provision.  (<u>Id.</u>, doc. no. 102, pp. 26-28.)  Judge Bowen explained that as a result of the waiver provision, Petitioner was "forever giving up any right to challenge or contest the fact of conviction, that is guilt or innocence." (<u>Id.</u> at 26.)  Petitioner acknowledged he understood and agreed to the terms of the plea agreement which included the collateral attack waiver.  (<u>Id.</u> at 28.)

The collateral attack waiver provided for three limited exceptions: Petitioner could file a direct appeal or collateral attack if his sentence (1) exceeded the statutory maximum, or (2) by variance or upward departure, was higher than the advisory sentencing guideline range as found by the sentencing court, or (3) was appealed by the government.  (<u>Id.</u>, doc. no. 49,

pp. 4-5.)  Petitioner's claims in Grounds II, III, or IV do not fall within the exceptions to the collateral attack waiver.  In Ground II, Petitioner claims counsel was ineffective for failing to pursue withdrawal of Petitioner's guilty plea at sentencing.  In Ground III, Petitioner claims counsel was ineffective for failing to contest the career offender application under <u>Johnson.</u> In Ground IV, Petitioner claims the District Court violated Fed. R. Crim. P. 32 at sentencing. (Doc. no. 1, p. 17.)  These claims do not allege Petitioner's sentence exceeded the statutory maximum or that it was higher than the advisory sentencing guideline range, and are thus barred by the collateral attack waiver.  <u>See</u> <u>Williams</u>, 396 F.3d at 1341-42 (11th Cir. 2005) (precluding claim for ineffective assistance of counsel at sentencing based on valid waiver).

Thus, the collateral attack waiver bars Petitioner's claims in Grounds II, III, and IV because they do not fall within the narrow exceptions to the waiver.  <u>See</u> <u>Brown v. United States</u>, 256 F. App'x 258, 262 (11th Cir. 2007) (*per curiam*) (refusing to consider merits of sentencing argument in § 2255 proceeding based on valid waiver provision in plea agreement); <u>United States v. Martin</u>, 549 F. App'x 888, 889-90 (11th Cir. 2013) (*per curiam*) (refusing to consider claims of PSI errors based on knowing and voluntary waiver).  Even if the collateral attack waiver did not bar these grounds, they are meritless as explained *infra*.

**F.     Ground II is Meritless.**

In Ground II, Petitioner claims his attorney was ineffective by failing to move to withdraw his guilty plea at sentencing after Petitioner requested he do so.  (Doc. no. 1, p. 20.) Petitioner also claims counsel should have insisted on a recess, and the Court should have conducted a separate hearing on his motion to withdraw in which he could have presented his reasons for seeking withdrawal of his plea.  (<u>Id</u>. at 20-22.)  As discussed *supra*, the collateral

attack waiver bars this claim.  Even if the collateral attack wavier did not bar this claim, it is meritless and does not afford Petitioner relief.

A defendant has "no absolute right to withdraw a guilty plea prior to imposition of a sentence."  United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988).  The decision to allow withdrawal is in the sound discretion of the trial court.  Id.  Ordinarily, a defendant may only withdraw a guilty plea prior to sentencing if he can "show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B); United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006).  To determine whether a defendant has shown a fair and just reason for withdrawing the plea, a court "may consider the totality of the circumstances surrounding the plea." Buckles, 843 F.2d at 471–72.  Specific factors include "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea."  Id. at 472.  If the first two factors weigh against the defendant, a court need not "give particular attention" or weight to the last two.  United States v. Gonzalez–Mercado, 808 F.2d 796, 801 (11th Cir.1987).  The timing of a defendant's motion to withdraw is also considered.  Id.

At sentencing, Petitioner's counsel made an oral motion to withdraw Petitioner's guilty plea.  (CR 313-007, doc. no. 103, p. 8.)  The government opposed the motion, noting Petitioner's guilty plea was entered in December of 2013, and sentencing was in July 2014. (Id. at 8-9.)  In denying the motion, Judge Bowen found that allowing Petitioner to withdraw his motion would be "significant and considerable prejudice . . . and wasteful of the Court's resources."  (Id. at 9.)  At the same time, Petitioner authorized his counsel to proceed with sentencing.  (Id.)

Despite Petitioner's claims to the contrary, counsel was not ineffective for failing to "pursue withdrawal" of Petitioner's guilty plea, as counsel made the motion to withdraw the guilty plea at sentencing.  Counsel was also not ineffective for failing to object to the Court's decision to deny the motion, or to seek a separate hearing in which Petitioner could present his argument in favor of withdrawal.  Petitioner had no absolute right to withdraw his guilty plea, and could not have shown a fair and just reason for the withdrawal.  As established *supra*, Petitioner received the close assistance of counsel, and Petitioner's guilty plea was knowing and voluntary as confirmed by the Court's careful plea colloquy.  (See generally CR 313-007, doc. no. 102.)  Accordingly, Judge Bowen's decision to not allow withdrawal of Petitioner's guilty plea was soundly in his discretion and counsel was not ineffective for failing to raise a meritless argument.  See Barron v. United States, No. 7:10-CR-24 HL, 2014 WL 1255206, at *7–8 (M.D. Ga. Mar. 26, 2014) (finding counsel was not ineffective for failing to file motion to withdraw plea where petitioner received meaningful assistance of counsel and plea was knowing and voluntary); see also Ladd v. Jones, 864 F.2d 108, 110 (11th Cir. 1989) ("[S]ince these claims were meritless, it was clearly not ineffective for counsel not to pursue them.").

### G.    Ground III is Meritless.

In Ground III, Petitioner argues counsel was ineffective for failing to challenge his career offender designation under Johnson.  (Doc. no. 1, pp. 22-24.)  On June 26, 2015, the United States Supreme Court decided Johnson, and found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process.  Johnson, 135 S. Ct. at 2563.  The ACCA and sentencing guidelines "include an identical residual clause that encapsulates

crimes that 'present[] a serious potential risk of physical injury to another[,] 18 U.S.C. § 924(e)(2)(B) [&] U.S.S.G. § 4B1.2(a)(2)." United States v. Matchett, 802 F.3d 1185, 1194 (11th Cir. 2015).

On March 6, 2017, the Supreme Court decided the threshold issue of whether Johnson applies to Guidelines cases in Beckles v. United States, -- S.Ct. --, 2017 WL 855781, at *6 (2017), and determined the Sentencing Guidelines, including § 4B1.2(a)'s residual clause are not subject to vagueness challenges under the Due Process Clause.  The Supreme Court contrasted the advisory Guidelines to the ACCA and noted:

> [T]he advisory Guidelines do not fix the permissible range of sentences.  To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range.  Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause.  The residual clause in § 4B1.2(a)(3) therefore is not void for vagueness.

Id. at *6.  Therefore Johnson is not applicable to the Guidelines and not collaterally available to § 2255 challenges to U.S.S.G. § 4B1.2's residual clause.  See also Matchett, 802 F.3d at 1194 (determining Johnson does not apply to career offender enhancements under the sentencing guidelines).

Here, Petitioner was not sentenced under the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii), and was not designated a career offender under the ACCA.  Instead, Petitioner was sentenced as a career offender under § 4B1.1 of the Guidelines.  (PSI ¶ 40.) Petitioner's argument Johnson invalidates his career offender designation under § 4B1.1 is meritless because Johnson does not apply to § 4B1.1.  See Beckles 2017 WL 855781, No. 15-8544, at *6; Matchett, 802 F.3d at 1194.

**H.      Ground IV is Procedurally Defaulted and Meritless.**

In Ground IV, Petitioner argues counsel was ineffective for failing to object to the Court's impermissible questioning of Agent Coney at sentencing.  (Doc. no. 1, pp. 17, 25.) Ground IV is procedurally defaulted because Petitioner did not raise it on direct appeal. Failure to raise a claim on direct appeal constitutes default and to overcome a procedural bar, Petitioner must show both (1) cause excusing his procedural default, and (2) actual prejudice resulting from the errors of which he complains.  Brown v. United States, 720 F.3d 1316, 1333 (11th Cir. 2013).  "Cause" requires a showing of some external impediment preventing counsel or Petitioner from raising the claim previously.  See Weeks v. Jones, 52 F.3d 1559, 1561 (11th Cir. 1995) (citing McCleskey v. Zant, 499 U.S. 467, 497 (1991)).   To demonstrate prejudice, Petitioner "must shoulder the burden of showing, not merely that the errors at his trial [or sentencing] created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial [or sentencing] with error of constitutional dimensions."  United States v. Frady, 456 U.S. 152, 170 (1982).

In the alternative, "[t]he merits of a procedurally defaulted claim may be reached, in very narrowly defined circumstances, if failure to address the claim would result in a 'fundamental miscarriage of justice.'"  Berry v. United States, 468 F. App'x 924, 925 (11th Cir. 2012).   A fundamental miscarriage of justice has occurred where "a constitutional violation has resulted in the conviction of someone who is actually innocent."  Murray v. Carrier, 477 U.S. 478, 495-96 (1986); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000).  Actual innocence "applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]."  McQuiggin v. Perkins, 133 S.Ct. 1924, 1933 (2013)

21

(internal quotations omitted) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)); see also McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011).

Petitioner has not alleged cause or prejudice to overcome his failure to raise his Ground IV claim on direct appeal.  With respect to the actual innocence exception, Petitioner has not presented any evidence, much less new evidence to suggest he did not commit the offense to which he pled guilty such that no reasonable juror would have convicted him. McQuiggin, 133 S.Ct. at 1933.  On the contrary, Petitioner's own testimony at the change of plea hearing thoroughly proves he did in fact commit the crime to which he pled guilty.  (CR 313-007, doc. no. 102, pp. 36-37.)  Accordingly, Petitioner's claim is defaulted.

The claim also has no merit.  Under Federal Rule of Evidence 614(b), a trial court may examine a witness called by either party and may even call a witness on its own.  The district court abuses its discretion when it questions a witness and the judge "abandons [his] proper role and assumes that of an advocate."  United States v. Wright, 392 F.3d 1269, 1275 (11th Cir. 2004).  An abuse of discretion occurs when the judge's conduct strays from neutrality and even then only when the judge's remarks demonstrate pervasive bias and unfairness that actually results in prejudice.  United States v. Ramirez-Chilel, 289 F.3d 744, 750 n. 6 (11th Cir. 2002).

Here, a thorough review of the sentencing transcript reveals Judge Bowen did not abuse his discretion when he questioned Agent Coney regarding Petitioner's custodial statements.  Judge Bowen merely requested details and asked clarification questions.  (CR 313-007, doc. no. 103, pp. 53-55.)  Judge Bowen did not abandon his impartiality, and Judge Bowen's questioning was entirely proper.  See Hanson v. Waller, 888 F.2d 806, 813 (11th Cir. 1989) (finding it was "entirely proper for the court to make inquiries of a witness in

order to clarify the evidence presented.")  Because there was nothing improper about Judge Bowen's questioning, Petitioner's counsel was not ineffective for failing to object.

Accordingly, Petitioner has not demonstrated entitlement to relief on any claim in his motion and it should be denied.

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DENIED** without an evidentiary hearing, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 21st day of March, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA